UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL ALAN HILEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-62-PLC |
| | ) | |
| JOSEPH ALVAREZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a document filed by *pro se* plaintiff Paul Alan Hileman. It appears plaintiff is attempting to file a civil rights complaint pursuant to 42 U.S.C. § 1983. However, the complaint is defective because it has not been drafted on the Court's form. *See* E.D. Mo. Local Rule 2.06(A). In addition, plaintiff has neither paid the filing fee nor sought leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the amended complaint contain a short and plain statement of the claim showing entitlement to relief, and it also requires each averment of a pleading to be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth specific factual allegations about what that defendant did, as well as the constitutional right or rights that defendant violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim for relief. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the motion to proceed *in forma pauperis* form for prisoners.

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee **or** submit a motion to proceed *in forma pauperis* within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff files a motion to proceed *in forma pauperis*, he must also file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice. If the case is dismissed for non-compliance with this Order, the dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g).

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of January, 2019